UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>KEVIN C. PAUL,<br><br>    Debtor | Chapter 7<br><br>Bankruptcy No. 22-00479 |
| Brenda Sue Helmrich,<br>    Plaintiff<br>vs.<br><br>Kevin C. Paul,<br>    Defendant | Adversary No. 22-09032 |

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court for an in-court hearing on Plaintiff's Motion for Summary Judgment (Doc. 18) in this adversary proceeding filed by Plaintiff to deny Debtor's discharge of certain civil judgments against him. Stuart G. Hoover appeared for Debtor-Defendant Kevin Paul ("Paul") and Dustin Abraham Baker appeared for Brenda Helmrich ("Plaintiff"). The Court heard argument and took the matter under advisement on the papers filed. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND AND STATEMENT OF THE CASE

Shortly before 2:00 A.M. on September 10, 2017, the Manchester Police Department responded to a call regarding a "car vs person" motor vehicle accident. Kevin Paul, the debtor-defendant here, was the driver of the vehicle. The responding officer reported that he "could smell the odor of alcoholic beverage coming from [Paul's] person, his eyes were blood shot and watery, his speech was slurred and his balance appeared impaired." The officer conducted field sobriety tests, during which Paul "showed cues of impairment" and eventually provided a breath sample that indicated his blood alcohol content ("BAC") was above the legal limit, prompting the officer to place him under arrest for Operating While Under the Influence ("OWI").

For his actions on September 10, 2017, Paul entered a guilty plea and was convicted of OWI – 1st Offense, Assault Causing Bodily Injury or Mental Illness, and Assault While Displaying a Dangerous Weapon in the Iowa District Court for Delaware County in case Nos. OWCR 12048 and FECR 012096.

On April 22, 2022, Plaintiff won a civil judgment against Paul in the Iowa District Court for Delaware County in case No. LACV 008611, stemming from Paul's actions on September 10, 2017. After a jury trial, damages were awarded to Plaintiff in the following amounts:

| | |
|---|---|
| Past Pain and Suffering: | $450,000 |
| Future Pain and Suffering: | $80,300 |
| Past Loss of Function of Body and Mind: | $28,800 |
| Future Loss of Function of Body and Mind: | $65,700 |

| Past Medical Expenses: | $88,863.68 |
|---|---|
| TOTAL: | $713,483.68 |

Paul filed a voluntary chapter 7 petition on August 16, 2022. Plaintiff filed this adversary proceeding on November 30, 2022 with her Complaint to Deny Discharge Under 11 U.S.C. §§ 523(a)(6) & (a)(9). Doc. 1. Plaintiff subsequently filed a Motion for Summary Judgment on June 30, 2023 (Doc. 18), and Paul filed a Resistance. Doc. 21. The Court heard legal arguments at the hearing on August 4, 2023, and took the matter under advisement.

## II. Conclusions of Law and Discussion

The question in this case is whether nondischargeable debt for "personal injury" as contemplated by 11 U.S.C. § 523(a)(9) includes a monetary civil judgment against Paul for past pain and suffering, future pain and suffering, past loss of function of body and mind, and/or future loss of function of body and mind. After reviewing the evidence and arguments, the Court finds that no genuine issues of material fact exist, and that the Plaintiff is entitled to judgment as a matter of law. For the following reasons, the Court finds that the debt owed by Paul to Plaintiff in the amount of $713,483.68 is nondischargeable.

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(a); In re Vanhorn, 628 B.R. 112, 118 (Bankr. N.D. Iowa 2021). This rule applies to adversary proceedings in bankruptcy. Fed. R. Bankr. P. 7056. A dispute is "genuine" if reasonable minds could differ about the result of a case because of that dispute, and material if it "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Vanhorn, 628 B.R. at 118 ("A 'material' fact is one 'that might affect the outcome of the suit under governing law . . . .'"). Whether a fact is material is determined by the applicable standard of proof. Here, as contemplated by 11 U.S.C. § 523(a)(9), a "debt . . . for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance" is non-dischargeable. For the civil judgment to be non-dischargeable under this section, the Plaintiff must show by a preponderance of the evidence that Paul was legally intoxicated. See In re Braden, 1993 WL 13676520, at *4 (Bankr. S.D. Iowa Apr. 21, 1993); (In re Brozek, 1993 WL 452670, at *2 (Bankr. Minn. 1993) (citing In re Phalen, 145 B.R. 551, 554 (Bankr. N.D. Ohio 1992)). "When determining whether the debtor was unlawfully operating a vehicle while intoxicated for purposes of section 523(a)(9), the bankruptcy court must apply state substantive law." In re Barnes, 266 B.R. 397, 403 (B.A.P. 8th Cir. 2001). In determining if summary judgment is appropriate, the Court

must make "all reasonable inferences in the light most favorable to the nonmoving party." Reed v. City of St. Charles, 561 F.3d 788, 790 (8th Cir. 2009).

Paul's Resistance to the motion before the Court asserts that "[t]his matter is rife with disputed fact," and thus summary judgment in favor of the Plaintiff is not appropriate. Doc. 21. Paul provided the following "disputed material facts":

> [T]he Defendant did in fact receive an OWI, but he entered an *Alford* plea. Moreover, (11 USC § 523(a)(9)) deals with personal injury from intoxicated operation of a motor vehicle. Again, the Jury form lists the personal injury award as $28,800 for past loss of function and $65,700 for future loss of function. Any amount of Plaintiff's claim should be limited to those amounts, but not for the total of the $713,000 judgement.

*Id.* The fact Paul entered an *Alford* plea does not raise a genuine issue on the question of driving while intoxicated. "When a defendant enters an *Alford* plea, the defendant maintains his innocence but 'intelligently concludes that his interests require entry of a guilty plea.'" North Carolina v. Alford, 400 U.S. 25, 37 (1970).

> [T]here is no material difference between a plea which includes an express admission of guilt and an *Alford* plea, where the defendant has determined, given the evidence by the State, it is in the best interest to accept the punishment associated with the lesser charge. However, the motivation behind the plea is of no consequence, rather the acceptance of the guilty plea is what is important.

State v. Klawonn, 609 N.W.2d 515, 521 (Iowa 2000) (citations omitted). Further, entering an *Alford* plea does not raise a genuine issue as to any material facts. See In re Poole, 148 B.R. 49, 51 (Bankr. E.D. Mo. 1992) ("[T]his Court concludes that the consent judgment is conclusive of the facts alleged in the civil complaint and has

5

collateral estoppel effect in this objection to discharge . . . . Thus . . . this file [which includes Debtor's consent judgment] show[s] that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.").

Although Paul may have been unwilling to expressly admit to operating under the influence and assault causing bodily injury or mental illness, he nonetheless assumed the consequences of those convictions by entering an *Alford* plea—consequences that include payment of civil judgments arising from the offense conduct to which he plead.

To the extent that any of the facts above are disputed, none are material. The assertion that the Plaintiff's claim should be limited to the amounts awarded for past and future loss of function is merely Paul's legal position, not a disputed fact between the parties.

### B. The Debt Owed to the Plaintiff is Excepted from Discharge Under 11 U.S.C. § 523(a)(9)

Plaintiff bears the burden of proving nondischargeability by a preponderance of the evidence. In re Barnes, 266 B.R. 397, 407 (B.A.P. 8th Cir. 2001) (citing In re Pontow, 111 F.3d 604, 608 (8th Cir. 1997)); see also Grogan v. Garner, 498 U.S. 279, 291 (1991) (holding "that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard.").

Here, Plaintiff must show that she suffered personal injury from Paul's intoxicated driving. As set out in the Plaintiff's Complaint to Deny Discharge, Paul

6

plead guilty to and was convicted of Operating While Under the Influence and Assault Causing Bodily Injury or Mental Illness in the Iowa District Court for Delaware County in case No. OWCR 12048. Plaintiff then received a civil judgment in her favor in the amount of $713,483.68 for the injuries she sustained as a result of Paul's operation of a motor vehicle while intoxicated in Case No. LACV 008611. It is undisputed the officer reported Paul's BAC at the time of his arrest was above the legal limit. Paul has presented no evidence contradicting this fact. In fact, it is undisputed that Paul entered an *Alford* plea on the charge. He admits there is enough evidence to convict him of OWI and he does not challenge that evidence. Thus, Plaintiff, by a preponderance of the evidence, has shown the necessary elements for an exception to discharge under 523(a)(9).

Paul argues that the amounts awarded for past and future pain and suffering, as well as past medical expenses, should not be excepted from discharge because they are not debt for "personal injury" as contemplated by 11 U.S.C. § 523(a)(9). Here, Paul offers no facts to show that these damage awards are not for personal injury.

Furthermore, Paul's position is inconsistent with the language of the Bankruptcy Code. The Code defines "debt" to mean "liability on a claim." 11 U.S.C. § 101(12). "'[D]ebt for' is used throughout to mean 'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like . . . connoting broadly any liability arising

7

from the specified object." Cohen v. de la Cruz, 523 U.S. 213, 220 (1998) (citing AMERICAN HERITAGE DICTIONARY 709 (3d ed. 1992); BLACK'S LAW DICTIONARY 644 (6th ed. 1990); and Pa. Dept. of Pub. Welfare v. Davenport, 495 U.S. 552, 562 (1990)). "A non-dischargeable debt includes the *full amount* of the liability associated with the conduct at issue, including 'debt arising from' or 'debt on account of' that personal injury." In re Deluty, 540 B.R. 41, 47 (Bankr. E.D.N.Y. 2015) (emphasis added). Damages for pain and suffering are a kind of loss or debt arising from personal injury. In re Buchholz, 144 B.R. 443, 445 (Bankr. N.D. Iowa 1992) (citing Dan B. Dobbs, LAW OF REMEDIES § 8.1 at 540 (3d ed. 1973)) ("Dobbs describes three basic kinds of losses arising in personal injury cases—(1) time losses (lost wages and lost earning capacity); (2) the expenses incurred by reason of the injury (medical expenses and 'kindred items'); and (3) 'pain and suffering in its various forms.'").

Here, the full amount of the debt owed to the Plaintiff arose from the injuries she sustained as a result of Paul's intoxicated operation of a motor vehicle. Therefore, the Court finds that the award for past and future pain and suffering, as well as past medical expenses, is debt for personal injury as contemplated by the Bankruptcy Code.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby GRANTS summary judgment in favor of the Plaintiff. The full amount of the judgment debt—$713,483.68—is excepted from discharge under section 523(a)(9).

Ordered: February 28, 2024

*[signature]*

Thad J. Collins
Chief Bankruptcy Judge